*Lee, for appellant.*

---

WALKER A. HOWARD *v.* SOL. McCOLLUM.

**Appeals and Errors—Former Decision—Amended Petition.**

The former decision of the Court of Appeals must be regarded as final as to all questions involved in this controversy except such issues as are raised by the amended petition filed after the return of the case to the Chancery Court.

APPEAL FROM LOUISVILLE CHANCERY.

October 19, 1871.

OPINION BY JUDGE LINDSAY:

The former decision of this court must be regarded as final as to all questions involved in this controversy except such issues as are raised by the amended petition of appellee filed after the return of the cause to the chancery court.

Whether it was proper to make further enquiry as to the solvency of Howard is altogether immaterial, as the preponderance of the testimony taken after the cause was removed to the chancery court, fully rebuts the allegation of his insolvency.

We are of opinion that appellee failed to make out a state of case justifying the conclusion that the sale of the Union county land to him comes within the inhibitions of the Champerty laws.

It is not claimed that the land sold by Howard and wife to appellees was in the adverse possession of any one at the time the sale and the first conveyance was made. The evidence of Shiman and Bryant, both of whom are setting up claim to the land, is indefinite and unsatisfactory. They speak in general terms of claiming and holding to the boundaries of the William Bryant survey. But the testimony of Johnson and Buckman conclusively rebuts their claim to any actual possession of the particular tract alotted to Howard and wife in the petition made by the Union county court. Besides this if it be true that since 1866 Shiman has been in the actual possession of said land, it

is utterly incomprehensible how his client McCollum should have remained in ignorance of that important fact, during all this litigation up to the return of the cause from this court, and the intimation that a disturbance of his possession, or an actual eviction would alone be sufficient to authorize the relief he was seeking.

The chancellor should have dismissed the appellee's petition. The judgment is reversed and the cause remanded with instructions that such action be taken.

*Marshall & Clark, for appellants.*

*Mix, for appellee.*